IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 18 C 1806 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 12, 2018, pro se petitioner Walter Freeman filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court denies Freeman's § 2255 motion and declines to certify any issues for appeal. 28 U.S.C. § 2253(c)(2).

**Background**

On September 6, 2012, a grand jury for the Northern District of Illinois returned a five-count indictment charging Freeman with distribution of 28 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1); distribution of a controlled substance containing a quantity of cocaine base in violation of § 841(a)(1) (Count 2); felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3); distribution of marijuana in violation of § 841(a)(1) (Count 4); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). Pursuant to a written plea agreement, Freeman pleaded guilty to Counts 1 and 5. In the addendum to the plea agreement, Freeman stipulated to the commission of a third offense from another federal indictment, namely, felon in possession of a firearm under § 922(g). The Court sentenced Freeman to 132 months on Count 1 and the stipulated § 922(g)(1) offense, which was below the sentencing guidelines range, and 60 months on Count 5, to run consecutively.

Freeman appealed his sentence arguing that the Court erred by: (1) failing to use the 1:1 crack powder ratio instead of the 18:1 ratio under the guidelines; (2) concluding that his criminal history category was not overstated; and (3) allowing its frustration with his litigation tactics to affect his sentence. The Seventh Circuit affirmed.

Construing Freeman's pro se § 2255 motion liberally, *see Chronis v. United States*, 932 F.3d 544, 554 (7th Cir. 2019), he argues that the Court erred in denying his motion to dismiss the indictment for possession of a firearm in furtherance of a drug trafficking crime because trading guns for drugs does not satisfy the "in furtherance" requirement under § 924(c). Freeman also brings several ineffective assistance of counsel claims.

**Legal Standard**

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013); *see also Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) ("Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process."). To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012) (citation omitted). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Lund v. United States,* 913 F.3d 665, 667 (7th Cir. 2019); *Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017). Because Sixth Amendment ineffective

assistance of counsel claims often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**Discussion**

*Possession of a Firearm in Furtherance of a Drug Trafficking Crime*

Freeman contends that the Court erred when it denied his motion to dismiss Count 5 of the indictment for possession of a firearm in furtherance of drug trafficking crime because an exchange of drugs for guns does not satisfy the "in furtherance" requirement under § 924(c)(1)(A). Freeman, however, did not bring this argument on direct appeal to the Seventh Circuit, therefore, he has procedurally defaulted it. The Court cannot review the merits of this claim unless Freeman establishes an exception to this default. After carefully reviewing Freeman's pro se filings, he does not address how his default is excepted.

Even if Freeman had not procedurally defaulted his claim, it fails on the merits because controlling Seventh Circuit caselaw unequivocally holds that the exchange of drugs for guns constitutes possession "in furtherance" of a drug trafficking offense. *See United States v. Harper,* 934 F.3d 524, 528 (7th Cir. 2019) ("Receiving a gun in exchange for drugs" "qualifies as possession of a firearm in furtherance of a drug-trafficking crime.") (citing *United States v. Doody*, 600 F.3d 752, 753 (7th Cir. 2010)). Freeman asks this Court to overrule *Doody*, which the Court cannot do as a federal district court. *Clark v. Maurer*, 824 F.2d 565, 567 (7th Cir. 1987).

Moreover, Freeman's arguments concerning the residual clause of § 924(c) and the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), are without merit because he was charged and sentenced for possession of a firearm in furtherance of a drug trafficking crime pursuant to § 924(c)(1)(A) and not the residual clause under § 924(c)(3)(B).

*Ineffective Assistance of Counsel Claims*

Freeman also brings several claims of ineffective assistance of counsel, which the Court examines under *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, to establish ineffective assistance of counsel in violation of the Sixth Amendment, Freeman must show (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 688, 694.

First, Freeman asserts that his trial counsel was ineffective for failing to file a motion for a *Franks* hearing. A hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), challenges whether police have obtained a search warrant by deliberately or recklessly presenting false, material information or by omitting material information. *United States v. Clark*, 935 F.3d 558, 563 (7th Cir. 2019). Here, police did not execute a search warrant when investigating Freeman's criminal activities, therefore, there was nothing for Freeman's counsel to challenge via a *Franks* hearing. As such, trial counsel was "not ineffective for failing to raise a meritless argument." *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018).

Next, Freeman contends that his trial counsel should have moved to suppress statements made to ATF agents by Timothy Vana, to whom he sold drugs. Any such motion is without merit because Freeman lacks standing to move to suppress a statement that he did not make. *See United States v. Chiavola*, 744 F.2d 1271, 1273 (7th Cir. 1984) (defendants do not have standing to challenge violations of a third-party's constitutional rights); *see also Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). Counsel was not constitutionally ineffective for failing to bring a meritless motion to suppress.

Freeman also asserts that his trial counsel was ineffective for failing to argue that he did not have a prior felony conviction to support the § 922(g)(1) charge. Freeman's Pretrial Services Report

4

and his Presentence Investigation Reports indicate that in 1996, Freeman pleaded guilty to burglary under 720 ILCS 5/19-1, which is a felony offense under Illinois law. Although Freeman pleaded guilty to a felony, he argues that because he was sentenced to one year of conditional discharge under 730 ILCS 5/5-1-4, his burglary conviction cannot be the predicate felony for his § 922(g)(1) conviction. Although Freeman was not incarcerated for his burglary conviction, he qualifies as a convicted felon because burglary in Illinois is *punishable* by imprisonment for a term exceeding one year. In short, the length of time Freeman actually served does not matter under § 922(g)(1). *United States v. Carr*, 513 F.3d 1164, 1166 (9th Cir. 2008) ("The term by which a crime is 'punishable' is determined by the statutory maximum punishment, not the actual term imposed or served."). Counsel's failure to assert this argument was not constitutionally deficient.

Also, Freeman argues that both trial and appellate counsel provided constitutionally ineffective assistance because they did not challenge the additional drug quantities attributable to him as relevant conduct at sentencing. He specifically argues that the additional drug amounts had "no connection" to the underlying charges in his indictment. In his written plea agreement, however, Freeman acknowledged that he continuously sold crack cocaine for the five years leading up to his guilty plea. He further acknowledged "that during this time period, he consistently sold, on average, approximately 7 grams of crack cocaine a week to the same general customer base, which included the CI." Because Freeman admitted to distributing additional quantities of crack cocaine as part of the same course of conduct underlying Count 1, the additional amount of cocaine base—recommended by the Probation Officer and adopted by the Court—was appropriate under U.S.S.G. § 1B1.3. Freeman's argument is thus without merit. *See Faucett v. United States,* 872 F.3d 506, 512 (7th Cir. 2017) ("Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable.").

Last, Freeman maintains that his counsel was constitutionally ineffective for failing to move to suppress his post-arrest statements made to ATF agents. According to the ATF Report of Investigation dated August 9, 2012, after Freeman's arrest, ATF agents Ramiro Montes and Christopher Labno interviewed Freeman. At that time, he explained that he had traded crack cocaine in exchange for firearms and that he sold about seven grams of crack cocaine a week. Freeman now claims that although the ATF agents read his *Miranda* rights and he signed the waiver form, he did not do so voluntarily. In his affidavit attached to his § 2255 motion, Freeman states that the ATF agents gave him false hopes and made empty promises to obtain his post-arrest statements. Freeman avers that the agents used "an implicit interrogation tactic by engaging in conduct…in a manner likely to elicit a response." He thus argues that his confession should have been suppressed because "it was gained as a result of the officers' false assurance that the confession will aid the defense or produce a lighter sentence."

In making these arguments, Freeman relies on the fact that Agent Labno was also involved in the false stash house cases. *See United States v. Brown*, 299 F.Supp.3d 976 (N.D. Ill. 2018). Freeman, however, fails to connect his case to the stash house sting operations, which involved attempted Hobbs Act robberies. Also, Freeman's affidavit, in which he substantiates his Fifth Amendment *Miranda* claim, is not signed under penalty of perjury or otherwise notarized, therefore, he has failed to provide "some evidence" beyond his conclusory and speculative allegations. *See Kafo,* 467 F.3d at 1068. Finally, Freeman does not explain why he did not bring his Fifth Amendment claim earlier, whether at his change of plea hearing when the Court asked him if he entered into his guilty plea knowingly and voluntarily, or on appeal. For all these reasons, Freeman's last ineffective assistance of counsel claim is unavailing, especially because he did not attempt to overcome the presumption that counsel's performance fell well within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336. Under this standard, Freeman must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (citation omitted).

Because Freeman has not demonstrated that reasonable jurists would disagree that the Court should have resolved his meritless ineffective assistance of counsel claims differently or that his procedurally defaulted § 924(c) claim did not have merit under controlling caselaw, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). Civil case terminated.

SO ORDERED

Sharon Johnson Coleman
United States District Judge

DATED:10/29/2019